**Opinion issued January 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-23-00588-CV

_____

## IN THE INTEREST OF I.Z.M., C.R.H., AND E.C., CHILDREN

---

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-02367**

---

## MEMORANDUM OPINION

Mother appeals the trial court's order terminating her parental rights to I.Z.M., C.R.H., and E.C. Mother's court-appointed appellate counsel has filed an *Anders* brief, contending that the record contains no reversible error and that he is unable to raise any arguable grounds for the appeal. *See Anders v. California*, 386 U.S. 738,

744 (1967). Because we find no meritorious issues after an independent review of the record, we affirm the trial court's order.

The *Anders* procedures apply in termination of parental rights cases. *In re J.S.*, 584 S.W.3d 622, 638 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Counsel filed a brief stating that he has complied with all *Anders* requirements and requesting that he be allowed to withdraw from his representation of Mother. The Clerk of this Court independently notified Mother that her counsel had filed an *Anders* brief, that she had the right to file a pro se response, and that she was entitled to a copy of the appellate record to assist in preparing her response. Mother has not filed a response.

Counsel's *Anders* brief states his professional opinion that no arguable grounds for reversal of the trial court's termination order exist and that any appeal would therefore lack merit and be frivolous. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (purpose of *Anders* brief is to assure appellate court that appointed attorney has made thorough and conscientious examination of record, provided court with appropriate facts of case and procedural history, and pointed out any arguable points of error).

When we receive an *Anders* brief from the appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue

2

independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *Johnson*, 2010 WL 5186806, at *2. Then, the trial court appoints another attorney to present all arguable grounds for appeal. *Id.* But if, after independently reviewing the record, we conclude that the appeal is frivolous, we may affirm the trial court's termination judgment by issuing an opinion explaining that we have reviewed the record and found no reversible error. *Id.* The parent may challenge that holding by filing a petition for review with the Texas Supreme Court. *Id.*

We have independently reviewed the entire record and counsel's *Anders* brief and agree with counsel's assessment that the appeal is frivolous and without merit. *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Accordingly, we affirm the trial court's termination decree as to appellant.

However, we deny counsel's request in the *Anders* brief for leave to withdraw from representing Mother. The basis for counsel's request is his belief that there are no meritorious grounds for appeal. The frivolous nature of an appeal is not sufficient good cause for withdrawal in an appeal from the termination of parental rights. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) ("[A]n *Anders* motion to

3

withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d at 583. If Mother, after consulting with counsel, desires to pursue a petition for review to the Texas Supreme Court, counsel's obligations can be met by filing a petition for review that satisfies *Anders*. *In re P.M.*, 520 S.W.3d at 27–28; *In re A.M.*, 495 S.W.3d at 583.

## Conclusion

We affirm the trial court's order terminating Mother's parental rights to I.Z.M., C.R.H., and E.C. We deny counsel's request to withdraw.


Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.